Walter BLACHOWSKI,
Plaintiff-Appellee,

v.

ROYAL INDEMNITY COMPANY,
Defendant-Appellant.

No. 75–1634.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 31, 1975.

Decided Dec. 11, 1975.

Richard S. Gibbs, Milwaukee, Wis., for defendant-appellant.

Howard A. Davis, Milwaukee, Wis., for plaintiff-appellee.

Before STEVENS and TONE, Circuit Judges, and HOFFMAN, Senior District Judge.*

HOFFMAN, Senior District Judge.

Having obtained judgment in a state court action for personal injury against one George Kropelin, the plaintiff Blachowski brought this action in the District Court below, No. 72–C–101, on diversity grounds against defendant Royal Indemnity Company, asserting that Kropelin was an "additional insured" under a liability insurance policy issued by Royal, and that Royal was thereupon bound to pay the state court judgment.

Both parties moved for summary judgment, stipulating to the facts and agreeing that the issues could be decided by the District Court upon the cross motions without a trial. The court entered summary judgment for plaintiff, and Royal appeals.

The questions presented are confined to the interpretation and application of the terms of the insurance policy, and of the Wisconsin law which mandates the inclusion of specified provisions in any motor vehicle liability policy issued in the state. Wis.Stats. (1971), § 204.30(3). These questions arise from the simple stipulated facts. A crane-suspended bucket containing liquid concrete crushed plaintiff's hand while he was working as a carpenter in the construction of an apartment building in Milwaukee.

Kropelin, working as a concrete "puddler" spreading the concrete into the forms, bore by custom a duty to warn plaintiff and others in the vicinity of the approach of the loaded bucket, a duty which he negligently failed to discharge. Royal had issued a liability policy to the owner of the ready-mix concrete truck which was being unloaded by means of the crane and bucket apparatus. The policy, as required by law, extended coverage to any person, as an additional insured, making "use" of the vehicle with the owner's permission; "use" was defined to include "loading and unloading". Two issues were thus presented: Was the injury incurred in the "unloading of the vehicle", and was Kropelin such a participant in the unloading operation as to constitute him an additional insured?

The answers depend upon Wisconsin law, but the issues have not been squarely decided by the Wisconsin Supreme Court. Upon the foundation of a thorough analysis of the Wisconsin decisions and their trend of development, District Judge W. Reynolds concluded that the Wisconsin Supreme Court would follow the broader view of coverage in this situation. We find his reasoning sound, apart from the deference generally due to the judgment of the District Judge upon a question of the local law of his state. See *Bernhardt v. Polygraphic Company of America, Inc.*, 350 U.S. 198, 204, 76 S.Ct. 273, 100 L.Ed. 199 (1956). Accordingly, we adopt the opinion of the District Court, embodied in its Decision and Order, and affirm.

Affirmed.

---

* The Honorable Julius J. Hoffman, Senior District Judge for the Northern District of Illinois, is sitting by designation.